No. 18,804.

THE BEE-HIVE MERCANTILE COMPANY, *Appellee*, v. THE INSURANCE COMPANY OF NORTH AMERICA et al., of Philadelphia, *Appellants*.

No. 18,805.

THE BEE-HIVE MERCANTILE COMPANY, *Appellee*, v. THE FIREMEN'S INSURANCE COMPANY OF NEWARK, *Appellant*.

No. 18,806.

THE BEE-HIVE MERCANTILE COMPANY, *Appellee*, v. THE SPRING GARDEN INSURANCE COMPANY, of Philadelphia, *Appellant*.

No. 18,807.

THE BEE-HIVE MERCANTILE COMPANY, *Appellee*, v. THE DELAWARE INSURANCE COMPANY OF PHILADELPHIA, *Appellant*.

No. 18,808.

THE BEE-HIVE MERCANTILE COMPANY, *Appellee*, v. THE GERMANIA FIRE INSURANCE COMPANY OF NEW YORK, *Appellant*.

No. 18,809.

THE BEE-HIVE MERCANTILE COMPANY, *Appellee*, v. THE PRUSSIAN NATIONAL INSURANCE COMPANY, of Germany, *Appellant*.

SYLLABUS BY THE COURT.

INSURANCE—*Consolidated Actions—Objection to Gross Verdict Too Late.* Where several actions against different insurance companies are by stipulation consolidated and tried as one action without any demand for separate findings as to the value of the different classes of property insured, and a gross verdict is returned upon which the court apportions the judgment among the different defendants according to the amounts of their separate policies, it is too late to object to the judgment on the ground that a gross verdict was returned and that some of the policies insured property not covered by other policies.

Appeals from Riley district court; SAM KIMBLE, judge. Opinion filed May 9, 1914. Affirmed.

Mercantile Co. v. Insurance Co.

*Alvin R. Springer,* and *Bruce Barnett,* both of Manhattan, for the appellants.

*John E. Hessin, John Clarke Hessin,* both of Manhattan, and *F. L. Williams,* of Clay Center, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The facts in these cases are practically identical with those in the preceding cases. The same fire destroyed property of the Bee-Hive Mercantile Company, and similar defenses were made to six separate actions against different insurance companies brought by the plaintiff herein. The defense of an award by appraisers was pleaded, but abandoned at the trial. The only question raised by these appellants which is not decided and controlled by the decision in the former cases relates to the failure to have separate findings of the loss on the different classes of property insured. A gross verdict was returned by the jury, and the court apportioned the amounts among the different defendants according to the amounts of their policies. It seems, however, that one of the policies does not insure millinery, another covers show cases but not fixtures generally. The policy which does not insure millinery is the only one which covers music boxes, phonographs and records. Apparently no serious hardship results, for it appears that the company which was required to bear part of the loss on millinery is relieved of a part of its burden of the entire loss on music boxes. The four companies against whom losses on the fixtures were assessed in the judgments may have been injured to some extent by the fact that the one company which had insurance on show cases alone escaped some of its liability. If a request had been made, the court would doubtless have required the jury to determine the loss on each class of property separately; but no such request or demand was made by the defendants or by either of them.

The cases were not consolidated under any statutory provision, nor simply by order of the court, but because the parties themselves stipulated that the six cases should be consolidated and tried as one case. At all events it is too late for the defendants now to raise the objection after having submitted the cases upon the stipulation that they should be consolidated and tried as one case, and after failure to request the court to require the jury to ascertain separately the value of the different classes of property. Doubtless the defendants will have little difficulty in adjusting the slight differences between themselves. In view of all the circumstances, we think the matter is not of sufficient consequence to justify a reversal and a new trial.

The judgments are affirmed.